IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40335
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID WAYNE McCLOY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
(4:00-CR-57-ALL)
--------------------
July 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David Wayne McCloy appeals the sentence imposed by the district court following his guilty-plea conviction for possession of stolen United States mail. He argues that the district court erred in increasing his offense level by three levels pursuant to United States Sentence Guideline § 3A1.2(b). He contends that he was merely attempting to flee and that his actions did not rise to the level of an assault that created a substantial risk of serious bodily injury. We disagree. McCloy's actions did

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amount to an aggravated assault on Officer A.L. Privett, given McCloy's attempt to flee immediately after committing the instant offense and his attempt to take Officer Privett's firearm during this altercation. Therefore, the district court did not err in increasing his offense level pursuant to § 3A1.2(b). See United States v. Ortiz-Granados, 12 F.3d 39, 41-43 (5th Cir. 1994).

McCloy argues that the district court abused its discretion in departing upward from the applicable Sentencing Guideline range in determining his sentence. The district court concluded that an upward departure was warranted because McCloy had more than twice the number of criminal history points necessary for a Category VI, had violated the conditions of his community release following several convictions, had committed crimes on a frequent basis, and had committed the instant offense less than one year after his release from the Arkansas Department of Corrections. As the district court gave acceptable reasons for the upward departure and the extent of the upward departure was reasonable, the district court did not abuse its discretion in departing upward in determining McCloy's sentence. See United States v. Route, 104 F.3d 59, 64 (5th Cir. 1997).

AFFIRMED.